### 7352.   CRAIN *v.* THE STATE.

The evidence authorized the verdict of voluntary manslaughter; there was no sufficient showing as to diligence to procure at the trial the evidence alleged to have been discovered thereafter, and the new evidence was merely cumulative of the defendant's statement at the trial and impeaching as to the testimony for the prosecution.   The trial judge therefore did not abuse his discretion in overruling the motion for a new trial.

DECIDED MAY 18, 1916.

Indictment for murder; from Heard superior court—Judge R. W. Freeman.   December 13, 1915.

*A. B. Taylor, Mooty & Andrews,* for plaintiff in error.

*J. R. Terrell, solicitor-general,* contra.

RUSSELL, C. J.   1. There is no merit in the general grounds of the motion for a new trial.   There was evidence which authorized the verdict of manslaughter; and there is no complaint that any errors were committed in the trial which could have contributed to prevent the jury from finding a different verdict.

2. The law does not look with favor on post-mortem diligence in the procuring of evidence.   Partly for this reason, the courts

are loth to grant new trials based upon alleged newly discovered evidence, except where it is plain that a different result might and probably would be reached upon another investigation of the case. However, in determining whether the probability of a different result has been shown, apparent failure to exercise ordinary diligence to produce at the trial testimony which was apparently within easy reach is a factor which the law does not overlook; for a party's unexplained failure to produce evidence material to his interest, as well as an intentional withholding of pertinent facts within his knowledge, tends to minimize the probative value of the belated information, and thus to diminish the probability of a different result. Civil Code, § 6086. In the present case there was no sufficient showing to the effect that the testimony alleged to be newly discovered could not, by the exercise of ordinary diligence, have been produced at the trial. Several of the witnesses by whom it is sought to establish facts alleged to be newly discovered were present at the trial and had been subpœnaed as witnesses in the case, some of them having been subpœnaed in behalf of the defendant himself. Conceding it to be true, as affirmed by the defendant's counsel, that they had consulted only with one of the witnesses in the case when the court required them to return to the court-room and the trial to proceed, it does not appear that the attention of the court was called to the fact that the defendant had not had sufficient time to prepare his case, or that any request was made for additional time in which to consult with witnesses in attendance upon the court, or in which to ascertain the whereabouts of other persons who were present at the homicide. The failure to discover before the trial the necessity for additional time in which to prepare for trial may be as fatal to a motion for a new trial as a failure to submit to the court and jury at the proper time facts which the exercise of ordinary diligence would have discovered in time for their probative value and effect to have been taken into consideration. Each alike may furnish circumstantial evidence of laches.

In addition to the reasons hereinbefore stated, the alleged newly discovered testimony was merely cumulative of the defendant's statement at the trial, and impeaching as to the testimony for the prosecution; and for this additional reason the trial judge did not abuse his discretion in overruling the ground relating to such evidence.                    *Judgment affirmed.*